## FREY & SON, Inc., v. CUDAHY PACKING CO.

### (District Court, D. Maryland. June 21, 1917.)

DAMAGES ☞225—RECOVERY—AMOUNT.

> In an action for damages for tortious injury, where plaintiff proved a loss of profits it would have made on resale of a commodity, had it been able to buy such commodity at the price other jobbers could obtain it from defendant, plaintiff can only recover for those damages suffered before the date of the filing of the suit, and is not entitled to recover those suffered between that time and verdict.

> [Ed. Note.—For other cases, see Damages, Cent. Dig. § 567.]

At Law. Action by Frey & Son, Incorporated, against the Cudahy Packing Company, a corporation. On objection to the entry of judgment on so much of the verdict as ascertained the damages suffered by plaintiff subsequent to the date of the filing of suit. Judgment entered upon balance of verdict.

See, also (D. C.) 228 Fed. 209; (D. C.) 232 Fed. 640.

Daniel W. Baker, of Washington, D. C., and Horace T. Smith, of Baltimore, Md., for plaintiff.

Gilbert H. Montague, of New York City, and Washington Bowie, Jr., of Baltimore, Md., for defendant.

ROSE, District Judge. The defendant objects to the entering of the judgment upon so much of the verdict of the jury in this case as ascertained the damages suffered by plaintiff subsequent to the date of the filing of the suit. In the nature of things there is no reason why a jury should not be allowed to ascertain and award the damages suffered by plaintiff down to the time of trial, from wrongful acts of the same nature as those mentioned in the declaration. If such were the law, there would doubtless sometimes be difficulty in applying it; but, on the whole, much trouble and expense would be saved.

The general rule is to the contrary; perhaps because when it was first formulated the judges were interested in the fees paid to the chancery for the writs, and they did not care to furnish for the price of one the justice that from their point of view should be paid for by the suing out of two or more. However this may be, it has long been established that the plaintiff can recover only for such damages as were the consequences of what the defendant did before suit was brought, although it is immaterial whether the effect of what was done showed itself before or after the bringing of the suit, as, for example, where the thing complained of is a tortious injury to the person or property from some particular act, the plaintiff may recover for any damage which manifests itself up to the time of the verdict. On the other hand, where the injury sued for is caused by a mere repetition or continuation of acts of the same class as that for which the suit was brought, the plaintiff's recovery is limited to the damages resulting from such of those acts as were done before the bringing of the suit. In Lawlor v. Loewe, 235 U. S. 536, 35 Sup. Ct. 170, 59 L. Ed. 341, the plaintiff was allowed to recover for the damage done to it by a secon-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dary boycott instigated by the defendant before the bringing of the suit, although some of the injury did not manifest itself until afterwards; but the authorities cited by the Supreme Court in support of its conclusion do not justify the assumption that it intended to modify the previously recognized principles of law.

In this case the only damage proved by the plaintiff was the loss of profits it would have made on resales of Old Dutch Cleanser, if it had been able to buy Old Dutch Cleanser at the price at which other jobbers could obtain it. Such damage is a damage which occurs from day to day, and the damage on one day is not the necessary result of an act done by the defendant at an earlier date. The difference between cases in which the jury can give damages down to the date of the verdict and those in which it cannot may be illustrated thus: If the defendant had made some false and libelous statement against the plaintiff, which acquired general circulation, the damage from that false and libelous statement might well have continued long after the bringing of the suit, and long after defendant ceased to be in business at all. On the other hand, if the defendant in the case at bar had wound up its affairs the day after the suit was brought, no one would contend that plaintiff was entitled to recover damages caused by the refusal of defendant to sell its goods after that date, or to permit other persons so to do, because both the motive and the power to enforce such refusal or restraint ceased with the defendant's going out of business.

I wish the law were otherwise, but, as it is, I shall be compelled to set aside so much of the verdict as awards the plaintiff damages from the time of the institution of the suit to the verdict. Judgment in plaintiff's favor will be entered upon the balance of the verdict.