**CONNECTICUT IMPORTING CO. v. FRANKFORT DISTILLERIES, Inc., et al.**

**Nos. 103–108.**

Circuit Court of Appeals, Second Circuit.
Jan. 9, 1939.

Robert J. Woodruff and Arthur Klein, both of New Haven, Conn., David S. Day, of Bridgeport, Conn., and Charles G. Albon, of New Haven, Conn., for plaintiff.

Raymond E. Hackett and Mark W. Norman, both of Stamford, Conn., Henry J. Marks, and George H. Cohen, both of Hartford, Conn., and Herman M. Levy, of New Haven, Conn., for defendants.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff has recovered a judgment for treble damages in a suit brought under the Sherman Anti-Trust Act, 15 U.S.C.A. § 15, and tried to a jury in the District Court for the District of Connecticut where the jury returned a verdict for the plaintiff. The defendants have appealed and the plaintiff has also appealed on the ground that the verdict was restricted to the damages sustained up to the date the suit was brought.

The plaintiff was one of several distributors in the State of Connecticut for products manufactured by Frankfort Distilleries, Inc., one of the defendants; and the other defendants were also distributors of the same products in that state. The evidence was conflicting but there was enough to justify the jury in finding, as it did, that the defendants and others, including the plaintiff, formed a conspiracy in restraint of trade in violation of the Sherman Anti-Trust Act by agreeing to maintain fixed prices in selling the products to retail dealers in Connecticut; that the plaintiff did not always conform to that agreement by maintaining such fixed prices; and that, after warnings that unless it did maintain those prices its supply of the products would be stopped, it continued to sell at cut prices and consequently Frankfort Distilleries, Inc., did refuse to supply it with its products; and that thereafter the defendants continued in the conspiracy. The plaintiff had been selling those products since sometime in December, 1933 under an agreement that it was to have the right to continue as a distributor so long as it took the required amount of them and paid for them promptly. Its supply was cut off on January 14, 1937 solely because of its under selling and it has since been unable to fill the orders of its customers for those products except to the extent of the stock it then had. This suit was brought February 10, 1937.

The judge charged the jury fairly and adequately as to what had to be proved by the plaintiff to show a conspiracy in restraint of trade under the Sherman Anti-Trust Act to support a recovery under that statute and made it perfectly clear that the producer, in the absence of such an unlawful agreement, was not liable in this action merely because it refused to supply the plaintiff with its products after the plaintiff sold at cut prices; and as there was enough to take the case to the jury, the refusal to direct a verdict for the defendants was not erroneous.

■■ The defendants assert further that the plaintiff cannot recover since, if there was an unlawful agreement, it was a party to it and so in pari delicto with them. The plaintiff has urged that such a defense is unavailable because not pleaded as required by the Connecticut procedure but we do not find it necessary to decide that. This cause of action did not arise in any event until Frankfort Distilleries, Inc., stopped supplying the plaintiff with its products and at that time whatever connection the plaintiff had had with the conspiracy was severed and it since has not been a party to that. This is not a suit in equity where the clean hands doctrine is applicable but merely a suit on a special statute which takes no account of the conduct of the plaintiff prior to the time the cause of action arose. Cases like Eastman Kodak Co. v. Blackmore, 2 Cir., 277 F. 694, and Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 243 F. 1, upon which the defendants rely and which denied recovery for the period of the participation by the plaintiff in the conspiracy, do not extend to a subsequent period when the plaintiff was no longer a party to the unlawful agreement. This suit, on the contrary, is in this respect like Victor Talking Mach. Co. v. Kemeny, 3 Cir., 271 F. 810, where a party to an unlawful agreement in restraint of trade recovered damages suffered after he was no longer a party to that. As the plaintiff was not in pari delicto with the defendants after this cause of action accrued, there was no error in refusing to charge as requested in respect to that subject. And for the same reason evidence as to price lists plaintiff filed with the Board of Trade showing the prices at which it sold the Frankfort products while it was in the conspiracy were properly excluded. What plaintiff did while a member of the conspiracy was immaterial.

■ Complaint is also made about the introduction of proof by the plaintiff through the testimony of a certified public accountant of a computation he had made from the plaintiff's books of account to show damages which flowed from the cutting off of its supply of the products of the Frankfort Distilleries. That was competent evidence. William H. Rankin Co. v. Associated Bill Posters of United States and Canada, 2 Cir., 42 F.2d 152. If the computation was incorrect it was subject to being overcome by proof to that effect but that did not make it inadmissible.

■ Neither do we find any error on the plaintiff's appeal. The recoverable damages were only those sustained by the plaintiff from the time the cause of action accrued up to the time the suit was brought. Frey & Son, Inc. v. Cudahy Packing Co., D.C., 243 F. 205. Damages which accrue after the suit is brought cannot be recovered in the action unless they are the result of acts done before the suit was commenced. Lawlor v. Loewe, 235 U.S. 522-536, 35 S.Ct. 170, 59 L.Ed. 341. Here the plaintiff's damages, if any, after the commencement of the suit were due to continued refusal or refusals, in furtherance of the conspiracy, to supply it with the Frankfort products after that time. The unlawful acts which would give rise to such damages had from their nature to be committed in carrying out the conspiracy after the suit was brought. It would be impossible to predict how long such a conspiracy would remain in existence or how long the refusal to sell to the plaintiff would continue and, even if such damages could, in a sense, be treated as the result of refusing to supply before suit was brought, they would be purely speculative.

■ Nor do we find any error in the amount of the fees allowed the plaintiff's attorneys. That was a matter for the sound exercise of the discretion of the trial judge and his decision is to be given effect unless an abuse of discretion is made plainly to appear. William H. Rankin Co. v. Associated Bill Posters, etc., supra.

Affirmed.