IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-1715
_____


GREAT WESTERN DIRECTORIES, INC.,

Plaintiff-Appellee-
Cross-Appellant,

versus

SOUTHWESTERN BELL TELEPHONE COMPANY, ET AL.,

Defendants-Appellants-
Cross Appellees.

*************************************************************

CANYON DIRECTORIES, INC.,

Plaintiff-Appellee-
Cross-Appellant,

versus

SOUTHWESTERN BELL TELEPHONE
COMPANY, ET AL.,

Defendants-Appellants-
Cross Appellees.

_____

Appeals from the United States District Court for the
Northern District of Texas
_____

ON PETITIONS FOR REHEARING AND REHEARING EN BANC OF GREAT WESTERN
DIRECTORIES, INC., AND ON SUGGESTION FOR REHEARING EN BANC OF
SOUTHWESTERN BELL TELEPHONE COMPANY, ET AL.

January 26, 1996

Before WISDOM, REYNALDO G. GARZA, and GARWOOD, Circuit Judges.

BY THE COURT:

We acknowledge receipt of the Petition for Rehearing of Great Western Directories, Inc., et al, as well as their Suggestion for Rehearing En Banc and the Suggestion for Rehearing En Banc of Southwestern Bell Telephone Company, et al.

At our request, Great Western Directories, Inc. has answered Southwestern Bell Telephone Company's Suggestion for Rehearing En Banc and Southwestern Bell Telephone Company has answered the Petition for Rehearing En Banc of Great Western Directories, Inc., et al. *Amicus Curiae* for the Association of Directory Publishers also filed an answer to the request of Southwestern Bell Telephone Company's Suggestion for Rehearing En Banc.

The Petition for Rehearing of Great Western Directories, Inc. is DENIED.

Treating the Suggestion for Rehearing En Banc by Southwestern Bell Telephone Company, et al, as a Petition for Rehearing we GRANT THE SAME IN PART.

In our original opinion we allowed the jury to grant damages to Great Western Directories, Inc. for their decision to withdraw from the Richardson Market. It is our view that the damages received by Great Western Directories for Richardson were based on anticipated illegal actions by Southwestern Bell Telephone Company. The sole basis for Great Western's claim of lost future profits from not entering Richardson was its subjective expectation that, in the future, Southwestern Bell might raise DLI prices so much

2

that the Richardson market would become unprofitable.  We now hold that antitrust damages cannot be predicated on such future illegal acts.

Courts have refused to permit damage claims based on the fear of future illegal acts, recognizing that such acts may never occur. Bailey's Bakery, Ltd. v. Continental Baking Co., 235 F. Supp. 705, 716-717 (D. Hawaii 1964) ("[A]ny damages claimed for prospective restraint of trade would be purely speculative, and a plaintiff cannot recover money damages for anticipated but unimplemented acts of restraint which may invade its interests."), cert. denied, 393 U.S. 1086 (1969); Connecticut Importing Co. v. Frankfort Distilleries, Inc., 101 F.2d 79, 81 (2nd Cir. 1939) (denying recovery for future refusals to deal).

What Great Western alleges amounts to fear of future illegal acts.  Southwestern Bell has not committed the acts forming the basis for Great Western's claim of lost future profits in the Richardson market, since it has not increased DLI prices to make Richardson presently unprofitable.  That it might or will do so does not establish present antitrust liability for a monopolization-based violation, since the lost-profits injury giving rise to antitrust damages cannot exist until Southwestern Bell actually raises prices.  Great Western has no antitrust damages with regard to Richardson.

One of the judges of our court having pointed out to us that it is not necessary to decide the issue of whether competition is an element of section 2 in this case, we withdraw the second full

3

paragraph on page 1385 of the original opinion, which can be found at 63 F.3d 1378, and in its place insert the following:

"Appellants contend that in order for appellees to succeed in a Section 2 antitrust claim they must present evidence of injury to competition. The court below did instruct the jury that it had to find injury to competition to find that Southwestern Bell Telephone committed a monopolization-based offense: '[A]n antitrust violation requires a showing of an actual adverse effect on competition, not simply an effect on individual competitors. If an adverse impact on overall competition has not been shown by the plaintiffs, you may not find that a violation of the antitrust laws has occurred.' The jury found a violation and the court recognized in its amended Findings of Fact and Conclusions of Law that, '[i]nherent in the jury's verdict and damage findings is a finding of an adverse effect on competition legally caused by the acts of defendants.' Additionaly, evidence of injury to competition supports a finding of exclusionary conduct. The proper inquiry is whether appellants engaged in exclusionary, anticompetitive, or predatory conduct."

We therefore again find that Southwestern Bell Telephone has violated the Antitrust Laws and we remand the case for the court to determine the damages to be awarded Great Western Directories, Inc. for such antitrust violation, but with the caveat that they should receive no damages for their decision to withdraw from the Richardson market or for their failure to enter the Little Rock market.

4

Since the damages in this case have been altered, the court below may wish to take another look at the injunction against Southwestern Bell that it had entered.  It may want to keep the same in place, modify, and as modified enter a new injunction, or remove the injunction as a whole.  This we leave to the judgment of the court below.

In all other respects, the judgments of the court below are affirmed, including the award of damages to Canyon Directories, Inc.

No member of the court in active service having requested the Court be polled on rehearing en banc, (FRAP and Local Rule 35) the Suggestions for Rehearing En Banc are also DENIED.


ENTERED FOR THE COURT:


_____
United States Circuit Judge

5