**CAMPBELL et al. v. GREEN.**

**No. 9430.**

Circuit Court of Appeals, Fifth Circuit.

May 29, 1940.

144

Lyle V. Corey and Thomas Y. Minniece, both of Meridian, Miss., for appellants.

Gabe Jacobson, of Meridian, Miss., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

Merchants Specialty Company was in receivership on a creditor's bill in the District Court, with G. R. Green as receiver. On September 6, 1938, a petition in involuntary bankruptcy was filed, attorneys Chas. S. Campbell, Lyle V. Corey and Thomas Y. Minniece cooperating as attorneys for petitioning creditors. Insolvency was at first denied, but before the issue was tried on September 23, 1938, the answer was amended and corporate re-

organization proceedings begun, which superseded the bankruptcy and resulted in a reorganization, Green being made trustee. When fees came to be fixed the matter was referred to a master. A total of $7,010 was allowed from an estate put at $77,000. Of this $2,260 went to attorneys. Corey and Minniece (Campbell having died) were allowed $500 for assisting in the reorganization. The fee for the three attorneys for petitioning creditors in bankruptcy was put at $160. With this last allowance they were dissatisfied and excepted to the master's report; the district judge affirmed it, and they appeal.

■ There was no adjudication in bankruptcy and no bankrupt estate. A fee is not to be allowed as though there was But under Section 244 of Chapter 10 of the Bankruptcy Act as amended in 1938, 11 U.S.C.A. § 644, in a reorganization proceeding begun before adjudication "the judge may allow, if not already allowed, reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in the pending bankruptcy proceeding * * * (2) by the attorney for the petitioning creditors." No costs and expenses are claimed, but only reasonable compensation for services. Since the assets were in court custody for creditors under the receivership, and the bankruptcy did not materialize, nothing is due for "bringing the fund into court." A satisfactory compensation has been allowed for assistance in the reorganization. Only the service in filing the involuntary petition and some preparation to try the issue of insolvency is to be compensated, and in the spirit of Section 64, sub. b(3), of the old Bankruptcy Act, 11 U.S.C.A. § 104, sub. b(3), one reasonable fee, irrespective of the number of attorneys, is to be allowed.

■ Two members of the bar as witnesses testified they thought $1,000 reasonable, and it is argued this testimony must control, being uncontradicted. Such evidence is admissible but not conclusive. 5 Am.Jur., Attys. at Law, § 191, 192. The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value. 7 C.J.S., Attorney and Client, § 191(d). Johnson v. Howard, 167 Miss. 475, 141 So. 573. There is, more-

over, a large element of discretion in fixing fees to be paid out of a fund in court as here, the language of the statute as above quoted being permissive. See Calhoun v. Stratton, 6 Cir., 61 F.2d 302. Although the assets sought to be reached were of great value, the involuntary petition itself was a simple matter, a fixed form, and on the issue of insolvency the burden was on the alleged bankrupt and there is no proof of much exertion by the petitioning attorneys. The business records were in court already and information easily accessible. The attorneys were recognized and compensated for their efforts at reorganization. While the allowance for their prior service is small, we cannot say it is so small, under all the circumstances, as to constitute it an abuse of discretion.

Affirmed.