In the Matter of **GARVIN PROPERTIES,
INC.,** d/b/a Sea Garden Hotel,
Debtor.

**Walter A. HOFFMAN, Jr.,** Trustee,
Plaintiff-Appellee,

v.

**AETNA LIFE INSURANCE COMPANY,**
Defendant-Appellant.

No. 27268

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 19, 1969.

Phillip G. Newcomm, Thomas H. Anderson, Shutts & Bowen, Miami, Fla., for plaintiff-appellant.

John L. Britton, Feibelman, Friedman, Hyman & Britton, Miami, Fla., for appellee.

Alfred E. Johnson, Fort Lauderdale, Fla., for other interested parties.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Aetna Life Insurance Company appeals from an order of the District Court denying a petition for review, filed by Aetna, seeking review of an order entered by the Referee in Bankruptcy, determining the amount of a fee to be allowed to Aetna's attorneys for services rendered in bankruptcy proceedings of Garvin Properties, Inc.

Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.

The sole question presented concerns the reasonableness and record support of the Referee's allowance of an attorneys' fee to a secured creditor in this bankruptcy proceeding. Aetna sought $11,200.00 as a reasonable attorneys' fee, and the Referee awarded $4,000.00. In analyzing the fee awarded, it appears that on an hourly basis Aetna's attorneys were paid at the rate of $40.00 an hour.

In corporate reorganization proceedings, on appeal from an order allowing fees to receivers, attorneys, and others, a reviewing court is confined to de-

termination of whether the trial court abused its discretion to the extent of manifest disregard of right and reason. See Calhoun v. Hertwig, 363 F.2d 257 (5 Cir., 1966), cert. den. 386 U.S. 966, 87 S.Ct. 1047, 18 L.Ed.2d 116; In Re Long Island Properties, 150 F.2d 313 (2 Cir., 1945).

Based upon the record before this Court, we are of the opinion that the award of a fee of $4,000.00 to appellant's counsel did not constitute a clear abuse of discretion.

The order of the District Court is affirmed.