**B–M–G INVESTMENT COMPANY, and Duncan Boeckman, Trustee, Plaintiffs-Appellees,**

v.

**CONTINENTAL/MOSS GORDIN, INC., Fulton Industries, Inc., and Allied Products Corporation, Defendants-Appellants.**

**No. 29174.**

United States Court of Appeals, Fifth Circuit.

Jan. 14, 1971.

Rehearings Denied Feb. 19, 1971.

Morris I. Jaffe, Wynne, Jaffe & Finsley, Dallas, Tex., for defendants-appellants.

George G. Potts, Hawkins Golden, Golden, Burrow, Potts & Boeckman, Dallas, Tex., for plaintiffs-appellees.

Before GEWIN, MORGAN and ADAMS *, Circuit Judges.

PER CURIAM:

In this case appellees (as plaintiffs below) brought suit, alleging an event of default under a Purchase Agreement and seeking acceleration of maturity of the guaranteed part of an obligation, requesting declaratory judgment as to interpretation of a provision of the Purchase Agreement and seeking attorneys' fees. In an opinion which discusses thoroughly the facts and issues of law, see D.C., 320 F.Supp. 968, the district court granted appellees' motion for summary judgment as to the Purchase Agreement in issue, holding that the rights of the appellees thereunder were clear and unambiguous, and further holding that the construction of the contract was for the court without resort to extrinsic evidence. We agree with the district court that the case was proper for summary judgment, but disallow the amount of $125,000 attorneys' fees as awarded by the court below.

A perusal of the record indicates that, although by the standards of most attorneys, the case constitutes "big litigation", it has to be borne in mind that there has been no trial in this case, no introduction of evidence or examination of witnesses except on the subject of attorneys' fees,[1] no protracted conferences or meetings between the counsel for the parties, and less than one day in the courtroom before summary judgment was granted.

We are cognizant that fees to be allowed attorneys is a matter for the sound discretion of the trial judge and should not be set aside unless an abuse of discretion is made plainly to appear. See Connecticut Importing Co. v. Frankfort Distilleries, 2 Cir., 101 F.2d 79.

However, appellate courts, as trial courts, are themselves experts as to the reasonableness of attorneys' fees, and may, in the interest of justice, fix the fees of counsel albeit in disagreement on the evidence with the views of the trial court. Mercantile-Commerce B. & T. Co. v. S. E. Arkansas L. Dist., 8 Cir., 1939, 106 F.2d 966, 972–973. Also, in Campbell, et al. v. Green, 5 Cir., 1940, 112 F.2d 143, this court observed that:

"The court, either trial or appellate, is itself an expert on the question (of attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid or testimony of witnesses as to value."

Considering all the factors and from a review of the record, we conclude that the attorneys' fees in the amount of $125,000 awarded by the district court was excessive, and we hold that an allowance not in excess of $75,000 would be adequate and would fall within the bounds of moderation.

Affirmed in part and remanded in part.

---

* Of the Third Circuit, sitting by designation.

1. The opinion of three leading members of the Dallas Bar ranged from estimates of fees of $125,000 to $168,000.