439 F.2d 692
 ELECTRONICS CAPITAL CORPORATION, Plaintiff-Appellee,
v.
William Donald SHEPERD, Defendant-Appellant.
No. 29763 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 3, 1971.
 
 Robert E. Davis, Joe W. Matthews, Dallas, Tex., for defendant-appellant.
 Stanley E. Neely, Stephen H. Philbin, II, Dallas, Tex., for Electronics Capital Corp.; Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., of counsel.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal relates solely to the reasonableness of attorneys' fees awarded in connection with a judgment in favor of appellees, Electronics Capital Corporation, in the amount of $207,219.13. The judgment was rendered against appellant William Donald Sheperd as guarantor of a note made by General Electrodynamics Corporation and payable to appellees.
 
 
 2
 After granting summary judgment for appellant on the merits, the district court conducted a hearing in order to fix attorney's fees. In the document upon which suit was brought, the appellant promised to pay reasonable attorney's fees in case suit was brought to enforce collection of the debt. On this issue, testimony was taken from counsel for both parties as well as from six respected local attorneys. The attorney for appellee testified that he spent approximately 30 hours preparing motions, pleadings, affidavits, negotiating with appellees, and participating in hearings. Testimony from the six local attorneys resulted in estimates of reasonable fees ranging from approximately $3,000 to approximately $25,000; appellees asked for $20,000 and appellant suggested $2,500. Based on this evidence, the district court fixed the fee at $10,000.
 
 
 3
 Determination of a reasonable attorney's fee is a matter which is left to the sound discretion of the trial judge. Hoffman v. Aetna Life Ins. Co., 411 F.2d 594, 595 (5th Cir. 1969); Connecticut Importing Co. v. Frankfort Distilleries, 101 F.2d 79 (2d Cir. 1939). See B-M-G Investment Co. v. Continental-Moss-Gordin, Inc., 437 F.2d 892 (5th Cir. 1971); Campbell v. Green, 112 F.2d 143 (5th Cir. 1940). Actual time spent in obtaining the judgment is not the only factor to be considered in fixing attorneys' fees in cases of this nature. The amount involved, the difficulty of collection, the value of the services rendered to the client and other elements may be considered. Our examination of the record reveals no abuse of this discretion. The judgment is affirmed.