467 F.2d 95
 4 Fair Empl.Prac.Cas. 1255, 5 Empl. Prac.
Dec. P 7956
Mrs. Lorena W. WEEKS, Plaintiff,
v.
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee,
Sylvia Roberts, Counsel for Lorena W. Weeks, Appellant.
 No. 72-1075.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 7, 1972.
Rehearing and Rehearing En Banc Denied Jan. 11, 1973.
 
 Sylvia Roberts, Baton Rouge, La., pro se.
 Jo Ann L. Chandler, San Francisco, Cal., for Public Advocates, Inc., amicus curiae.
 Ruth M. Ferrell, Wilmington, Del., for Women's Equity Action League, amicus curiae.
 Phineas Indritz, Acting Gen. Counsel, Marguerite Rawalt, Counsel, Arlington, Va., for NOW Legal Defense and Education Fund, Inc., amicus curiae.
 Mario Obledo, Alan B. Exelrod, San Francisco, Cal., for Mexican-American Legal Defense and Educational Fund, Inc., amicus curiae.
 Nathaniel R. Jones, Gen. Counsel, NAACP, New York City, Paul J. Spiegelman, Russell Specter, James A. Beat, Washington, D. C., for NAACP, amicus curiae.
 David J. Heinsma, Vincent L. Sgrosso, Atlanta, Ga., for defendant-appellee.
 Before WISDOM and THORNBERRY, Circuit Judges, and SMITH, District Judge.
 PER CURIAM:
 
 
 1
 In this appeal Mrs. Sylvia Roberts asks that the attorney's fees allowed her by the district court in the amount of $15,000 be increased to $46,800 for her successful representation of the plaintiff-appellant in Weeks v. Southern Bell Telephone and Telegraph Co., 5 Cir. 1969, 408 F.2d 228. A majority of this Court holds that the district court acted well within its judicial discretion in awarding a fee of $15,000 to Mrs. Roberts.
 
 
 2
 Weeks was a Title VII case. Lorena Weeks was employed by the Southern Bell Telephone Company in Savannah, Georgia. In April 1966 she bid on the job of switchman. For the most part, that job involves turning on and off electric switches-but occasionally a switchman lifts weights in excess of thirty pounds. At that time, Georgia and many other states had "protective legislation" prohibiting the employment of women in occupations requiring the lifting of weights of over thirty pounds. Section 703(e)(1), 42 U.S.C. 2000e-2(e)(1) provides that refusal to employ women "shall not be an unlawful employment practice . . . where . . . sex . . . is a bona fide occupational qualification." Relying on this provision, Southern Bell returned Mrs. Weeks's bid in a letter stating that the company had "decided not to assign women to this location on a switchman's job."[1]
 
 
 3
 Mrs. Weeks, through a court-appointed attorney, William B. Clark, sued the defendant, charging a violation of Title VII. The district court decided in favor of Southern Bell. Mr. Clark withdrew from the case. Mrs. Weeks then retained Mrs. Sylvia Roberts, a Baton Rouge lawyer experienced in the civil rights field. On appeal, the Court decided that Southern Bell had "not satisfied the burden of proving that the job of switchman is within the bona fide occupational qualification exception . . ." to 42 U.S.C. Sec. 2000e-2(a). The Court reversed on that issue and remanded the case "for determination of appropriate relief under the provisions of 42 U.S.C. Sec. 2000e-5(g)".
 
 
 4
 On remand, Judge Alexander A. Lawrence conducted a hearing to determine the appropriate relief. At that time Mrs. Roberts requested a fee of forty dollars an hour plus expenses, totalling $19,430.42. In addition, she requested $6,000 on the ground that the case was one of first impression. Some months later Judge Lawrence recused himself. Mrs. Roberts then wrote to Chief Judge John R. Brown, requesting that another judge be designated to try the case on remand. Judge Brown designated the Honorable Griffin B. Bell of this Court to hear the case.
 
 
 5
 Judge Bell held a pre-trial conference and two other conferences, and a full hearing on the issue of attorney's fees. Partly as a result of those conferences Mrs. Weeks was given the job of switchman as of the date of her application and the parties entered into a consent decree awarding Mrs. Weeks the full amount of her claim.[2]
 
 
 6
 The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge. Electronics Capital Corp. v. Sheperd, 5 Cir. 1971, 439 F.2d 692; B-M-G Investment Co. v. Continental Moss Gordin, Inc., 5 Cir. 1971, 437 F.2d 892; Connecticut Importing Co. v. Frankfort Distilleries, 2 Cir. 1939, 101 F.2d 79; Campbell v. Green, 5 Cir. 1940, 112 F.2d 143. An attorney's fee award of a trial court should not be set aside unless there has been a clear abuse of his discretion. Hoffman v. Aetna Life Ins. Co., 5 Cir. 1969, 411 F.2d 594; Calhoun v. Hertwig, 5 Cir. 1966, 363 F.2d 257, cert. denied, 386 U.S. 966, 87 S.Ct. 1047, 18 L.Ed.2d 116; In Re Long Island Properties, 2 Cir. 1945, 150 F.2d 313. These principles apply in Title VII cases. In Culpepper v. Reynolds Metals Co., 5 Cir. 1971, 442 F.2d 1078, for example, this Court affirmed an attorney's fee award of $1500, stating:
 
 
 7
 ". . . Determination of the reasonableness of attorney's fees is a matter which is left to the sound discretion of the trial judge. Electronics Capital Corp. v. Sheperd, 5 Cir. 1971, 439 F.2d 692, and cases cited. It cannot be said that this award constituted a clear abuse of discretion. . . ." Id. at 1081.
 
 
 8
 Thus, it can be seen that the test of the reasonableness of an attorney's fee award in a Title VII case, as in others, is whether the trial judge acted within sound judicial discretion.
 
 
 9
 Section 706(k) of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5(k) states that "the court, in its discretion, may allow . . . a reasonable attorney's fee". (Emphasis added.) The language is not mandatory nor does it imply the requirement of any formula. It is evident to the majority from Judge Bell's careful opinion as well as from the briefs and the record, that he did not abuse his authority in awarding fees of $16,200: $15,000 to Mrs. Roberts, $1,200 to William B. Clark, trial counsel for Mrs. Weeks in the district court.
 
 
 10
 Judge Bell reviewed the many factors that are properly taken into consideration in determining a reasonable attorney's fee and applied his own knowledge, experience, and expertise to determine the dollar amount to be awarded both trial and appellate counsel. See Campbell v. Green, 5 Cir. 1940, 112 F.2d 143, where we stated:
 
 
 11
 ". . . The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value." Id. at 144.
 
 
 12
 A review of the specific facts before Judge Bell further supports his award. Mrs. Roberts did not try the case but entered it after the notice of appeal had been filed. Neither her work product, as filed with the Fifth Circuit in Weeks v. Southern Bell Tel. & Tel. Co., 5 Cir. 1969, 408 F.2d 228, nor the record on appeal was lengthy. Despite this, Mrs. Roberts, in an affidavit filed February 10, 1970, contended that she spent 333 1/4 hours on the original appeal-262 1/4 on research and 71 hours in case management. Experienced counsel who reviewed the record and read the briefs as filed with this Court in the original appeal testified that the work product should have been accomplished in 50 to 100 hours.
 
 
 13
 Later Mrs. Roberts asserted that she spent an additional 251 3/4 hours for a grand total of 585 hours. Hours claimed or spent on a case is not the sole basis for determining a fee. Electronics Capital Corp. v. Sheperd, 5 Cir. 1971, 439 F.2d 692, 693. In any event, the time factor, has a "dubious virtue . . . as a standard for legal services"; "when hours of time become a criterion, economy of time may cease to be a virtue." See Hornstein, Legal Therapeutics: The "Salvage Factor in Counsel Fee Awards", 69 Harv.L.Rev. 658 (1956).
 
 
 14
 Judge Bell thoroughly discussed the bases for his award of attorney's fees to Mrs. Roberts. He weighed the result obtained; the time expended by Mrs. Roberts both during and after the appeal; the expert testimony of Phyllis Kravitch and Julian F. Cornish, two Savannah attorneys; the affidavits of three Louisiana attorneys-George B. Hall of Alexandria, Edna Sakir of New Orleans, and Jerry H. Bankston of Baton Rouge; and the affidavit of J. R. Goldthwaite, Jr., of Atlanta. Additionally, Judge Bell considered the decision of Judge Rubin in Clark v. American Marine Corporation, E.D.La.1970, 320 F.Supp. 709, aff'd per curiam, 5 Cir. 1971, 437 F.2d 959, as well as the fact that "the settlement finally consummated was very favorable to plaintiff . . .." He considered the briefs filed in the Fifth Circuit, the record, the difficulty of the appeal, the efforts on remand and the contingency of an attorney's fee award.
 
 
 15
 Judge Bell was an experienced trial lawyer accustomed to the manifest difficulties inherent in fixing reasonable attorney's fees. He is an experienced, fair-minded, highly respected member of this Court. He was fully aware of the importance of the Weeks case. The question before this reviewing court is not what fee the members of this panel might have awarded sitting as a district court. The question is whether Judge Bell abused his discretion by awarding an unreasonably low fee. The majority answers firmly that Judge Bell did not abuse his discretion in making his award of $15,000 fees to Mrs. Roberts.
 
 
 16
 The judgment is affirmed.
 
 
 17
 WISDOM, Circuit Judge (dissenting).
 
 
 18
 I respectfully dissent. With deference to Judge Bell and to the members of this panel, I feel that the attorney's fee allowed Mrs. Roberts does not reflect the difficulties she overcame nor the importance of the case in the cause of non-discrimination against working women.
 
 
 19
 Assuming the correctness of Mrs. Roberts's estimate of the hours she spent on the case on appeal and on the merits when the case was remanded, she was paid at the rate of $25 an hour. This compares with $35 an hour prescribed by the Georgia minimum fee schedule, $35 an hour by the Baton Rouge Bar Association, and $40 an hour by the Texas Bar Association. These rates are for routine matters.
 
 
 20
 Weeks was as un-routine as a case could be. It had been lost below. Georgia labor regulations prohibited the employment of women in occupations requiring the lifting of weights in excess of 30 pounds. Although that regulation was repealed when Weeks was pending on appeal the adoption of the regulation in Georgia and other states was in itself evidence of the reasonableness of Southern Bell's decision not to employ women as switchmen. Moreover, in emergencies switchmen are subject to call at all hours. The pertinent language of Title VII is unclear, the relevant legislative history is sparse, and omnipresent is the centuries old tradition that men as men or as legislators should protect women from strenuous or dangerous tasks.
 
 
 21
 The case was one of first impression. A broad construction of the term "bona fide occupational qualification" could nullify Title VII. A holding that the burden of proof was on the employee would virtually nullify the Act. Mrs. Roberts succeeded in establishing a narrow construction of the exception. And this Court clearly held that the burden of proof is on the employer. 408 F.2d at 232.
 
 
 22
 When one sees the number of women employed in telephone companies in this country-one in six, we were told in oral argument-the far-reaching effect of Weeks is obvious to the eye. But the case is more important than its effect on the employment of women as switchmen. The principle it establishes is that women are individuals not a stereotyped class inferior to men when it comes to work performance. Today a woman may be an officer of the line in the United States Navy. She may be a police officer or United States Marshal. As Judge Frank Johnson said for this Court in Weeks:
 
 
 23
 "The promise of Title VII is that women are now to be on equal footing. We cannot conclude that by including the bona fide occupational qualification exception Congress intended to renege on that promise."
 
 
 24
 408 F.2d at 236. Moreover, Weeks cuts both ways: men may find doors open to them that previously were open only to women.
 
 
 25
 Mrs. Weeks ended her long litigation by fully recovering every dollar she claimed. The principal parties at interest, however, were the American public generally and working women particularly. In such litigation, as pointed out in Robinson v. Lorillard Corp., 4 Cir., 444 F.2d 791 at 804.
 
 
 26
 "[U]nder Title VII, as under Title II of the Civil Rights Act of 1964, attorneys' fees are to be imposed not only to penalize defendants for pursuing frivolous arguments, but to encourage individuals to vindicate the strongly expressed congressional policy against racial discrimination. The appropriate standard, therefore, is that expressed by the Supreme Court in Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968)" . . . . 444 F.2d at 804.
 
 
 27
 In Newman v. Piggie Park Enterprises, 1968, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263, a case involving racial discrimination, the Court said:
 
 
 28
 "If [the plaintiff] obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority. If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Congress therefore enacted the provision for counsel fees-not simply to penalize litigants who deliberately advance arguments they know to be untenable but, more broadly, to encourage individuals injured by racial discrimination to seek judicial relief under Title II." 390 U.S. at 402, 88 S.Ct. at 966. (footnotes omitted).
 
 
 29
 A number of organizations, recognizing this principle, have filed amicus briefs in behalf of Mrs. Roberts: The Western Region, NAACP; The Mexican-American Legal Defense and Educational Fund, Inc.; The United Native Americans, Inc.; NOW Legal Defense and Education Fund, Inc.; Women's Equity Action League; National Association for the Advancement of Colored People.
 
 
 30
 In sum, I feel compelled to take issue with the majority. I would reverse and remand the case for further consideration of the reasonableness of the attorney's fee due Mrs. Sylvia Roberts.
 
 
 
 [1]
 Rule 59, promulgated by the Georgia Commission of Labor in accordance with Section 54-122(d) of the Georgia Code prohibited the employment of women in occupations requiring that they lift weights in excess of 30 pounds. The Court did not have to consider the reasonableness or the constitutionality of this regulation; while the case was pending on appeal the Georgia Commissioner of Labor repealed Rule 59
 
 
 [2]
 Mrs. Weeks recovered $30,761.68 as back pay. This included all the overtime earned by the incumbent, all premium pay, evening and night differentials, travel pay, expenses, and interest