**RANGER INSURANCE COMPANY,**
**Plaintiff-Appellant,**

**v.**

**William R. ALGIE and Edith A. Algie,**
**Defendants-Appellees.**

**No. 73–1853**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1973.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

James V. Dolan, Fort Lauderdale, Fla., for plaintiff-appellant.

Thomas M. Carney, Frank B. Pridgen, Miami, Fla., for defendants-appellees.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

This appeal is taken from an order of the district court granting summary judgment for appellees, William R. Algie and Edith A. Algie, and awarding attorneys' fees of $5,000 to their counsel.[1] We affirm.

Appellee William R. Algie was defendant in a suit initiated in the South Carolina courts for damages arising out of his alleged negligent operation of an airplane. Appellant, Ranger Insurance Company (Ranger), initiated the instant suit in the district court seeking a declaratory judgment that the liability to which appellee William R. Algie was potentially subject in the pending South Carolina suit was not within the cover-

---

1. The appellees are husband and wife, Edith A. Algie was plaintiff in a personal injury action against her husband resulting from a plane crash which caused her to become a paraplegic. South Carolina, where the suit was pending, does not recognize the doctrine of interspousal immunity.

age of the flight insurance policy issued by Ranger to appellee William R. Algie.[2] It is from the district court's denial of the relief requested by Ranger and the award of attorney's fees that Ranger appeals.

■ Ranger's first contention is that the district court erred in granting summary judgment for appellees. We affirm the district court's disposition on this issue. Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law and where the record clearly shows that no genuine issue of material fact exists. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944); St. John v. New Amsterdam Casualty Co., 357 F.2d 327, 328 (5th Cir. 1966). The facts in the instant case fall within this rule.

■ Ranger relies upon an amendment to endorsement No. 7 of the Declarations in the insurance policy which provides that the policy coverage is amended to *include* private or commercial pilots having a minimum of 100 total logged hours. Alleging that appellee has failed to satisfy the requisite minimum 100 hours of air time, Ranger maintains that appellee is foreclosed from recovery against it for the liability incurred as a result of the airplane crash. We agree with the district court, however, that Ranger's reliance on the amendment to Endorsement No. 7 as a basis for excluding coverage is mis-

placed. Rather, coverage is governed by Paragraph 6 of Endorsement No. 1 which provides that the inclusion of liability for injuries occurring while the aircraft is being operated in flight by a student pilot without supervision of a flight instructor certificated by the Federal Aviation Administration is not applicable to a Student Pilot following his receipt of a Private Pilot Certificate. Appellee William R. Algie being a student pilot to whom a private pilot certificate was subsequently issued prior to the accident, is within the coverage of the policy. The clear import of the amendment to Endorsement No. 7, relied upon by Ranger, was to provide *additional* coverage under the policy and not to qualify that already provided for in Endorsement No. 1. Since it is clear that Endorsement No. 1 and not Endorsement No. 5 governed coverage, summary judgment for the appellee was appropriate.

■ Moreover; even if the proper construction of the insurance policy were not free from ambiguity, we would feel constrained to affirm the view of the district court for as Justice Blackmun, then Judge Blackmun, noted, it is "an accepted principle of insurance law and a fact of insurance life" that ambiguities are construed against the insurer. Great Central Insurance Co. v. Marble, 369 F.2d 615, 617 (8th Cir. 1966). Florida law, which governs the construction of the insurance policy contracted

---

2. The provisions of the insurance policy that form the basis for this controversy are as follows:
   *Paragraph 6 of Endorsement No. 1:*
   This policy does not apply to any occurrence or to any loss or damage occurring while the aircraft is being operated in flight by a Student Pilot unless each flight is under the direct supervision and specifically approved by a qualified Flight Instructor certificated by the Federal Aviation Administration. This exclusion is not applicable to any Student Pilot following issuance of a Private Pilot Certificate.
   *Declaration No. 7:*
   PILOT CLAUSE: Only the following pilot or pilots holding valid and effec-

tive pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight:
STUDENT PILOT WILLIAM R. ALGIE (SEE ENDORSEMENT NO. 1); OTHERWISE CERTIFICATED FLIGHT INSTRUCTOR PILOTS.
*Endorsement No. 5:*
It is hereby understood and agreed that item No. 7 of the Declarations is amended to include private or commercial pilots having a minimum of 100 total logged hours including a check out in insured make and model by a certificated flight instructor pilot prior to solo.

for in Florida, is in accord with this principle. Hodges v. National Union Indemnity Co., 249 So.2d 679, 680 (Fla. 1971); Home Insurance Co. v. Southport Terminals, Inc., 240 So.2d 525, 526 (Fla.App.1970); DaCosta v. General Guaranty Ins. Co., 226 So.2d 104, 105 (Fla.1969). Application of this rule of construction would thus render summary judgment appropriate in the instant case.

■ Ranger's second contention is that the award of $5,000 in attorney's fees was excessive. We also find this contention to be without merit. The determination of a reasonable attorney's fee is left to the sound discretion of the trial judge. Weeks v. Southern Bell Telephone & Telegraph Co., 467 F.2d 95, 97 (5th Cir. 1972); Jinks v. Mays, 464 F.2d 1223, 1228 (5th Cir. 1972); Culpepper v. Reynolds Metal Co., 442 F.2d 1078, 1081 (5th Cir. 1971); Electronics Capital Corp. v. Sheperd, 439 F.2d 692, 693 (5th Cir. 1971); B-M-G Investment Co. v. Continental Moss Gordon, Inc., 437 F.2d 892, 893 (5th Cir. 1971); Hoffman v. Aetna Life Ins. Co., 411 F.2d 594, 595 (5th Cir. 1969). His determination should not be set aside, absent a clear abuse of discretion. Weeks v. Southern Bell Telephone & Telegraph Co., *supra* 467 F.2d at 97; Hoffman v. Aetna Life Insurance Co., *supra* 411 F.2d at 595; Calhoun v. Hertwig, 363 F.2d 257, 261 (5th Cir. 1966) cert. denied, 386 U.S. 966, 87 S.Ct. 1047, 18 L.Ed.2d 116 (1967). Among the factors to be considered in awarding attorneys fees are the briefs filed, the record, the difficulty of appeal, the result obtained and the experience of counsel. Weeks v. Southern Bell Telephone & Telegraph Co., *supra* 467 F.2d at 98. Additionally, this court has acknowledged the value of an attorney's services according to the custom or rule in the place of his practice as a relevant consideration. See Sandoval & Panama Canal v. Mitsui Sempaku, 460 F.2d 1163, 1170–1171 (5th Cir. 1972). *See also* ABA Canons of Professional Ethics No. 2, DR 2–106(B)(3). Although the issues presented in this case were not unusually difficult of resolution, the preparation undertaken by appellee's attorney did include client interviews, analysis of the pleadings, analysis of the policy, legal research, preparation for and attendance at appellee's deposition, telephone calls and correspondence with the F.A.A. regarding appellee's pilot certification, preparation of memorandum of law opposing plaintiff's motion to compel discovery and for sanctions, preparation of motion for summary judgment and supporting papers, preparation of unilateral pre-trial stipulation and preparation for attendance at pre-trial and argument on appellee's motion for summary judgment.[3] Although this preparation may not have been extremely time consuming, this court has adhered to the proposition that hours spent is of dubious virtue as a standard of measurement. Weeks v. Southern Bell Telephone & Telegraph Co., *supra* 467 F.2d at 98; Electronics Capital Corp. v. Sheperd, *supra* 439 F.2d at 693. With respect to the result obtained, counsel's endeavors produced potential indemnification to appellee William R. Algie to the full extent of the $50,000 coverage of the policy. Moreover, in view of the fact that the $5,000 fee was substantially less than the 40% fee authorized by the schedule of customary charges adopted by the Dade County Bar Association, the award of attorneys fees does not appear to be exorbitant. This con-

---

3. A member of the Florida bar with 15 years experience who had represented carriers on numerous occasions submitted an affidavit to the effect that based upon his review of the files, the reasonable value of these services provided by attorney for appellees was $7,500.

The appellant submitted a very short affidavit of a member of the Florida Bar who had practiced for 5 years. He did not state that he had reviewed the files in the case. He only gave a conclusory statement that a reasonable fee would be $750.00. Counsel for appellees asserts in his brief that this affiant did not review the files in this case. That statement has not been contradicted.

clusion is supported by our decision in Electronics Capital Corp. v. Sheperd, *supra*, where on the basis of analogous facts, we affirmed a similar award of attorneys fees. We do feel that the $5,000 award is sufficient to cover the services of counsel for appellees on this appeal. No additional fees will be allowed. For the reasons set forth above, we affirm the judgment of the district court.

Affirmed.