Peter DASSINGER, d/b/a Peter Dassinger Modeling Studios, Plaintiff-Appellant,

v.

SOUTH CENTRAL BELL TELEPHONE COMPANY, Defendant-Appellee.

No. 74–2171

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1974.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Darleen M. Jacobs, New Orleans, La., for plaintiff-appellant.

Raymond J. Salassi, Jr., New Orleans, La., for defendant-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Dassinger owns and operates a modeling and motion picture studio in New Orleans, Louisiana. At various times between December 1, 1970, and September 30, 1971, potential clients contacted defendant-appellee South Central Bell's [Bell's] directory assistance service and asked for plaintiff's business number. Dassinger alleges that the Bell operators on several of those occasions refused to impart the requested information, on the ground that the number was a semi-private one which could not be given out to the general public. After some of these frustrated customers contacted Dassinger by other means and informed him of the difficulty, plaintiff filed this lawsuit in federal district court on the basis of the federal diversity jurisdiction, complaining that the conduct of Bell's employees had caused some potential clients to go elsewhere with lucrative contracts, to his great financial and emotional detriment. On April 4, 1974, the district court dismissed the complaint for want of jurisdiction and at the same time granted Bell's motion for summary judgment against Dassinger. We believe that the district court should neither have dismissed the suit for lack of jurisdiction nor have awarded summary judgment to Bell. We reverse.

The jurisdiction of a federal court in a diversity case such as this one is limited to actions in which the matter in controversy exceeds $10,000.[1] Dassinger has made a formal allegation that the amount in controversy does in fact exceed $10,000 and he has supplemented that formal allegation with two affidavits from frustrated clients tending to show that the conduct of Bell's employees caused him to lose two contracts with a total face value of $50,000.[2] Unfortunately, plaintiff has not indicated how much of this $50,000 would have been profit. Bell contends, on the basis of Dassinger's unhappy business history, that whatever profits Dassinger might have made on the contracts would not have satisfied the requirements of federal jurisdiction.

Although discretion is vested in the trial court to determine whether the claim meets the jurisdictional amount, Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111, the Supreme Court has formulated a rule of liberality to govern dismissal for want of jurisdiction. The amount stated in the complaint is itself dispositive of jurisdiction, unless it appears or is in some way shown that the amount stated is not claimed in good faith. For these purposes, good faith is deemed to be lacking only when it appears to a legal

1. 28 U.S.C. § 1332 provides in pertinent part:
   (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
   (1) citizens of different States . . . .

2. Plaintiff actually alleges damages in the amount of $625,000 resulting from loss of business, mental anguish and emotional stress and strain. His non-business claims have led to an extensive discussion by both parties as to whether the action sounds in tort or in contract, a dispute rendered significant by the general Louisiana rule that no damages for pain and suffering may be awarded for breach of contract. Louisiana Civil Code, art. 1934; see Sahuc v. United States Fidelity & Guaranty Co., 5 Cir. 1963, 320 F.2d 18; Lee Lumber Co. v. Union Naval Stores Co., 1917, 142 La. 502, 77 So. 131; Moreau v. Marler Ford Co., La.App.1973, 282 So.2d 852. We leave the resolution of this matter to the district court on remand.

certainty that the claim is really for less than the jurisdictional amount. Horton v. Liberty Mutual Ins. Co., 1961, 367 U. S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed. 2d 890, 894; St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848; Burns v. Anderson, 5 Cir. 1974, 502 F.2d 970; Mas v. Perry, 5 Cir. 1974, 489 F.2d 1396.

 It does not appear that plaintiff's jurisdictional claim here was made in bad faith or that, if his evidence is taken as true and viewed most favorably to him, it can be said to a legal certainty that a reasonable jury could not have found that the loss by Dassinger of the two contracts resulted in damages sufficient to invoke federal jurisdiction. See Lee v. Kisen, 5 Cir. 1973, 475 F.2d 1251; Opelika Nursing Home, Inc. v. Richardson, 5 Cir. 1971, 488 F.2d 658. It follows t. .t the trial court should not have dismissed the complaint for lack of jurisdictional amount.

Turning to the trial court's order of summary judgment against plaintiff, we note at the outset that the court had already found that it had no jurisdiction over the action, so that it had no power to render a judgment on the merits against either party. Heyward v. Public Housing Authority, 5 Cir. 1956, 238 F.2d 689; 10 C. Wright & A. Miller, Federal Practice & Procedure § 2713. Even if the district court had originally found that it had jurisdiction over the lawsuit, it should not have granted Bell's motion for summary judgment. In considering a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure,[3] the district court must construe all pleadings liberally in favor of the party against whom the motion is made, James Talcott, Inc. v. Allahabad Bank, Ltd., 5 Cir. 1971, 444 F.2d 451, cert. denied, 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253,

and the motion should be granted only where the moving party is entitled to judgment as a matter of law and the record clearly shows that no genuine issue of material fact exists. Aulds v. Foster, 5 Cir. 1973, 484 F.2d 945; Ranger Ins. Co. v. Algie, 5 Cir. 1973, 482 F.2d 861; Pennsylvania v. Curtiss National Bank, 5 Cir. 1970, 427 F.2d 395.

In this case, quite apart from the fact that Rule 56 does not permit trial by affidavit, Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc., 5 Cir. 1973, 479 F.2d 135, there were unresolved factual disputes between the parties with regard to whether Bell's employees actually acted improperly and if so, whether Dassinger was damaged thereby. Since these issues form the heart of this dispute, the motion for summary judgment should not have been granted.

Reversed and remanded.

---

3. Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

    (b) . . . A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.