**Martin MILLER, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

v.

**MACKEY INTERNATIONAL, INC., et al., Defendants-Appellees.**

No. 74–2547.

United States Court of Appeals, Fifth Circuit.

June 30, 1975.

242

Bruce E. Lazar, and Robert Palmer of Palmer & Lazar, Miami, Fla. and I. Stephen Rabin of Rabin & Silverman, New York City, for plaintiff-appellant.

Robert E. Venney, Gunn, Venney & Buhler, Miami, Fla., for defendants-appellees.

Before BELL, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

In a class action brought against Mackey for violation of the Securities Act of 1933 and the Securities Exchange Act of 1934, a settlement was eventually consummated for $50,000 cash and 250,-000 shares of common stock of Mackey having a market value of $1.50 per share or $375,000, for a total of $425,000. In their application for fees, counsel for the plaintiffs requested that the district court award them one-third of the recovery. The court, however, set their compensation at $20,500, and they appealed. We vacate and remand.

Counsel represented to the court below that they had expended $3,941.57 in costs and 1925 hours in the successful prosecution of this action. The district court found that the expenditure of 700 hours would have been ample time for the representation of the plaintiffs' class, and computed 675 hours out of court at $35.00 per hour, and 25 hours in court at $50.00 per hour.

The case originated in New York, was transferred to Florida, became a class action only after our reversal of the denial of a class action by the district court, was successfully prosecuted for three and one-half years and was finally settled after one day of trial for $425,-000. The award, after deduction of plaintiff's disbursements, amounted to a fee of $8.60 per hour on the basis of counsel's application and to a fee of $23.65 per hour on the basis of the court's calculations. The only evidence offered as to reasonable compensation was that the average hourly fees in *non-contingent* cases ranged between $60.00 and $75.00.

We are hard put to understand how the district court arrived at its figure of 700 hours as the maximum time which should have been spent by counsel in contrast to counsel's assertion that they expended 1925 hours, especially without a hearing on the subject. The district court should not have condemned counsel's conduct of the litigation and concluded that it "taints the entire petition of counsel" without affording them a hearing and adequate opportunity to attempt to support their application and dispel the doubts that the court expressed for the first time in its award.

While the court below made a passing reference to Johnson v. Georgia Highway Express, Inc., 5 Cir. 1974, 488 F.2d 714, there was scant explication of the court's application of the guidelines that we took pains to formulate. Rather the court took the mechanical hours-times-dollars approach, which reduces the award to an exercise in multiplication [1]

1. However, the court's multiplication was in error. 675 hours at $35.00 per hour and 25 hours at $50.00 per hour equals $24,875.00, not $20,500.00. Moreover, the court appears to have ignored the application for costs in the amount of $3,941.57.

and which we have explicitly rejected. Weeks v. Southern Bell Telephone and Telegraph Co., 5 Cir. 1972, 467 F.2d 95; Electronics Capital Corp. v. Sheperd, 5 Cir. 1971, 439 F.2d 692. Moreover, the court apparently did not take into consideration, or at least made no mention of the fact, that this was a contingent fee case.

The award is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

BELL, Circuit Judge (specially concurring):

This class action case demonstrates the need for revision of Rule 23, F.R.Civ.P. Beginning with one client having 100 shares of stock valued at $587.00, counsel were able to represent most of the purchasers from Mackey of 400,000 shares of stock, allegedly issued in violation of the Securities Act of 1933 and the Securities Exchange Act of 1934. The matter was settled for $50,000 to be paid within a year in monthly installments, and 250,000 shares of Mackey common stock having a market value on the date of settlement of $1.50 per share. (The stock was valued at 50 cents per share when appellant's brief was filed in this court.)

Using $1.50 per share as the basis and including the $50,000 payment, counsel valued the settlement for attorneys' fees purposes at $425,000. The notice of settlement sent to the members of the class stated only that counsel intended to apply to the court for a fee of one third of the settlement proceeds. No value was placed on the settlement or on the stock in the notice. The class was not told that counsel would seek all of the cash payment.

Some months later the matter was presented to the court for approval of the settlement. Counsel then, rather than seeking one third of the proceeds as a fee, sought instead $50,000 plus 63,738 shares of stock which they calculated to equal one third of the value of the settlement, $425,000, plus their expenses in the amount of $3,941.00.[1] This was a sharp departure from the notice given to the members of the class. Absent additional notice, I would hold counsel to a percentage of the cash portion of the proceeds just as was represented to the class. What the percentage will be is for the district court on remand.

I agree that the district court failed to address the fee question in terms of a contingent fee award and that this would have been a factor to be considered in awarding the fee. Johnson v. Georgia Highway Express, Inc., 5 Cir., 1974, 488 F.2d 714, 718. This was caused in large measure by the lengthy affidavit filed by a counsel in support of the fee application which emphasized the long hours devoted to the matter. The suggestion of 1,925 hours expended is not supported by a single time keeping record. There are two law firms involved and it developed on oral argument that one firm kept no time records. The district court did not credit the claim of 1,925 hours and I do not perceive that we have made a clearly erroneous finding as to the failure to credit.

The district court went further and concluded, based on the court's knowledge of the matter together with papers on file, that 700 hours was a reasonable amount of time to expend in the handling of the matter and awarded a fee strictly on that hourly basis. The findings to support the 700 hour conclusion are sparse indeed but the burden is on counsel to prove the number of hours devoted to a matter if that approach to fees is adopted. Moreover, even if the proof as to the number of hours claimed is sufficient, the court, in the exercise of its discretion, should award fees based on the number of hours which are reasonably necessary for the handling of a particular matter, given the surrounding facts and circumstances. The result may

1. The record does not reflect the value of the stock on the date of the hearing.

or may not equal what counsel claims on an hourly basis. Johnson v. Georgia Highway Express, Inc., *supra,* 488 F.2d at 717.

The real fault in this case is the provision in Rule 23 for an opt-out type proceeding in Rule 23(b)(3) types of class actions. There is no mention of an opt-in procedure. Rule 23(c)(2). The departure from the settlement notice in making the claim was only one problem. That problem can be cured on remand. The trouble started in allowing this matter to be maintained as a class action without considering "the difficulties likely to be encountered in the management of [the] . . . class action". Rule 23(b)(3)(D). We can see now what probably could not have been seen at the time and that is that lawyers representing one client having a claim valued at $587.00 would end up with an estimated 1,500 to 2,000 clients unknown to counsel, having claims approximating $700,-000.[2] These unknown clients have no counsel other than the counsel here and thus the fees are being awarded in a non-adversary context. They had no representation in the district court and they have none here.

It is unusual indeed for the district court to be placed in the position of having to contest the fees claimed, and the answer must come in the form of a better system. That system would be in the form of an opt-in provision in the class action rule so that only those persons would be in the law suit who choose to remain in and thus allow counsel to represent them. This would enable a return to the tradition of the legal profession where clients affirmatively employ counsel.

Meanwhile, pending amendment of the rule, an opt-in procedure should be used in the discretion of the district court if it is substantially related to management of a class action. Rule 23(b)(3)(D) requires the district court to assess the difficulties likely to be encountered in managing a class action in determining whether to allow a class action. This requirement, coupled with the inherent powers of the court to manage litigation, will be sufficient in some cases to allow a class action to be maintained only on an opt-in procedure.[3] This would be such a case were it not for the fact that the litigation is virtually terminated.[4]

---

**2.** *Indeed, many of the purchasers had not been located. Claims had been filed representing only 236,000 shares out of the possible 400,000 shares. The record does not reflect the number of shareholders opting-out, the number unlocated, or the form of the notice given under Rule 23(c)(2).*

We left the question of class action status for the district court on the prior appeal except for denying such status by considering the merits. Miller v. Mackey International, Inc., 5 Cir., 1971, 452 F.2d 424, 431. *See also* Eisen v. Carlisle and Jacquelin, 1974, 417 U.S. 156, 178, 94 S.Ct. 2140, 2153, 40 L.Ed.2d 732, 749.

**3.** *Contra*: Clark v. Universal Builders, Inc., 7 Cir., 1974, 501 F.2d 324, 341, a civil rights case

where the court drew no distinction between a Rule 23(b)(3) type of class action as here and Rule 23(b)(1) and (2) types.

**4.** Rule 23(d) in pertinent part:

In the conduct of actions to which this rule applies, the court may make appropriate orders: . . . (2) requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; . . .