**Birdie Mae DAVIS et al.,**
**Plaintiffs-Appellants,**

v.

**BOARD OF SCHOOL COMMISSIONERS OF MOBILE COUNTY et al.,**
**Defendants-Appellees.**

No. 75–1919.

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1976.

---

866

Vernon Z. Crawford, Mobile, Ala., Algernon J. Cooper, Prichard, Ala., Jack Greenberg, Chas. S. Ralston, New York City, Donald M. Briskman, Mobile, Ala., for plaintiffs-appellants.

Victor T. Hudson, Mobile, Ala., A. L. Philips, Jr., Mobile, Ala., for defendants-appellees.

Wm. B. Saxbe, Atty. Gen. of U. S. Dept. of Justice, Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for United States.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

BELL, Circuit Judge:

The plaintiff class in this school case is here contending that the award by the district court of $38,000 as attorneys' fees for their counsel was insufficient.

This is the second appeal of the attorneys' fees phase of this litigation. *Davis v. Board of School Commissioners of Mobile County*, 5 Cir., 1974, 496 F.2d 1181.[1] We held the prior appeal pending decision by the Supreme Court in *Bradley v. School Bd. of City of Richmond*, 1974, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476, and remanded for further consideration by the district court in light of that decision. The district court concluded that under *Bradley*, § 718 of the Emergency School Aid Act of 1972, 20 U.S. C.A. § 1617,[2] empowering federal district courts to award reasonable attorneys' fees as part of the costs of desegregation litigation, applied to the pending motion of plaintiffs' for attorneys' fees. Defendants have not taken a cross-appeal and thus do not contest this holding.

The issue is not straightforward although it does involve only the amount of attorneys' fees to be awarded in the discretion of the court. Because of the lengthy and prolix proceedings in the district court, this court, and the Supreme Court, and the number of lawyers involved in various stages of the proceedings, as well as the paucity of evidence regarding particular matters involved and the types of services rendered, we must view the matter in subparts. These break down into (1) whether the court erred in excluding fees for the period July 1, 1968–June 30, 1969; (2) whether the sum of $38,000 allowed for the period July 1, 1969–September 1,

1970, was inadequate to the extent of being an abuse of discretion; (3) whether the court erred in failing to award fees for services rendered in appellate proceedings in this court and the Supreme Court. These issues will be considered in inverse order.

Plaintiffs moved for $206,450 in fees and $38,887.57 in expenses for the period July 1, 1969–September 1, 1970. In support of the motion they attached time sheets dated April 19, 1972 but reflecting times beginning July 1, 1968. These time sheets included time expended in the trial court and in appellate proceedings through September 1, 1970. There was an additional statement of estimated time before and after September 1, 1970 for a Supreme Court proceeding. This also referred to time expended on an appeal to this court during the period ending September 1, 1970.

The case was submitted on the pleadings, the time sheets, and the affidavit of one of plaintiffs' counsel as to the time sheets, setting out that $50.00 per hour is the usual rate in Mobile for such services. No support whatever was offered as to the expenses claimed and none were awarded by the district court; hence that claim washed out and is not asserted as a part of this appeal.

*Fees for appellate proceedings.*

The district court was also unable to relate the time claimed for appellate work during the period July 1, 1969–September 1, 1970 to the five appeals taken during that period. Nevertheless, the court did award $38,000 in attorneys' fees, for 1714.5 hours of legal work during that time and this award included 427 hours for appellate matters.

1. *See Davis v. Board of School Commissioners of Mobile County*, 5 Cir., 1975, 517 F.2d 1044, n. 1, for citations to the previous thirteen appeals in this school desegregation litigation.

2. 20 U.S.C.A. § 1617:

Upon the entry of a final order by a court of the United States against a local educational agency, a State (or any agency thereof), or the United States (or any agency thereof), for failure to comply with any provision of this chapter or for discrimination on the basis of race, color, or national origin in violation of title VI of the Civil Rights Act of 1964, or the fourteenth amendment to the Constitution of the United States as they pertain to elementary and secondary education, the court, in its discretion, upon a finding that the proceedings were necessary to bring about compliance, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The time sheet itemization is both sparse and vague and we find that the district court made the best possible assessment of the services rendered, given the record with which it had to work. We find no error with regard to fees for appellate proceedings generally during this period of time.

■ We likewise find no error with respect to the failure to award fees for time devoted to the specific appeal heard in *Singleton v. Jackson Independent School District,* 5 Cir., 1969, 419 F.2d 1211; and the application for certiorari which resulted in *Carter v. West Feliciana Parish School Board,* 1970, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477. These proceedings were in the same time period and were either included in the 427 hours claimed for appellate proceedings or, if claimed separately, were unsupported.

■ The situation is altogether different with respect to the failure of the court to award fees for services rendered in the Supreme Court which resulted in *Davis v. Bd. of School Commissioners of Mobile County,* 1971; 402 U.S. 33, 91 S.Ct. 1289, 28 L.Ed.2d 577. There was a claim of 1,000 hours for time expended in this regard. It was claimed separately. The district court disallowed the claim *in toto.*

Following the decree of the district court, plaintiffs engaged in a strenuous effort to rectify the lack of proof which led to the denial of the Supreme Court proceedings portion of their claim. They filed the affidavits of three lawyers who had participated in these appeals. The total of the time expended on these appeals, according to the affidavits, is 418 hours rather than 1,000. The hourly rate claimed for the Supreme Court cases is $50.00. Both the hourly rate and the hours claimed appear reasonable and it was error for the district court not to have modified the judgment to some ex-

tent in accordance with the motion of plaintiffs.

■ There is an additional claim of 59.25 hours at $50.00 per hour for the time expended on the prior attorneys' fees appeal, 496 F.2d 1181, *supra.* This was presented to the district court, but denied. This was error. We are empowered to make an award for the services rendered in this court. We find this expenditure of time supported by affidavit as to time and rate and the district court is directed to award the sum of $2,962.50 for these services.

*The hourly rate used in the award.*

■ We turn now to the question of the claimed inadequacy of the hourly rate for the 1714.5 hours which served as the basis of the award of $38,000. As to this claim, it is sufficient to say that the itemization on the time sheets in many instances seems greatly expanded for the activity described. Moreover, there was no effort to explain the items.

This court has recently reaffirmed the principle that the district court is itself an expert in assessing these matters. *Weeks v. Southern Bell Telephone and Telegraph Co.,* 5 Cir., 1972, 467 F.2d 95, 98; *Massachusetts Mutual Life Insurance Company v. Brock,* 5 Cir., 1968, 405 F.2d 429, 435; both quoting *Campbell v. Green,* 5 Cir., 1940, 112 F.2d 143, 144. Given the absence of supporting documentation for the claimed fees, the lack of testimonial support, and the expertise of the court, the award of the court was well within the teachings of this court in *Johnson v. Highway Express, Inc.,* 5 Cir., 1974, 488 F.2d 714, with regard to the factors that should be considered in making such an award. One or two examples of the items on the time sheets noted in the margin will make the point that the district court did not abuse its discretion in allowing every hour claimed while reducing the claimed rate from $50.00 to $22.10.[3] The same result would

---

**3.** The time sheets reflect as many as four lawyers in the case for plaintiffs. There are forty-eight claims in which one or more lawyers allegedly produced more than twelve billable hours in a single day. On one occasion, May 14, 1969, there is a claim for over twenty billa-

have been reached had there been a disallowance of 56 per cent of the hours shown on the time sheets. On this record, such a disallowance would have been justified.

### Fees for the July 1, 1968–June 30, 1969 period.

■ This brings us to the last question: Did the court err in refusing to consider the one year period July 1, 1968–June 30, 1969? The motion for fees and the affidavit of counsel attached thereto was expressly restricted to the period beginning July 1, 1969, but the time sheets attached as a part of the motion began on July 1, 1968. Moreover, the amount claimed in the motion included the extra year. The decree of the court awarding fees was filed on July 15, 1974. On July 24, 1974, counsel as a part of their motion for reconsideration (entitled Motion to Alter or Amend Judgment) submitted the affidavit of counsel that he had made a clerical mistake in the motion in 1972 when he restricted his claim to a beginning date of July 1, 1969.[4]

This question is close and doubtless arises out of the truncated manner in which this matter was handled in the district court, apparently with the acquiescence of plaintiffs if not at their request. It should be considered on remand by the district court in an evidentiary hearing. There has not been an evidentiary hearing in the case and it may well be there is a basis for the claim of clerical misstatement. Any decision of the district court on the question should be accompanied by findings of fact. In the event the matters proceed to consideration of the claim for fees based on the omitted one year period, the district court is directed to resolve the matter of time on the basis of an evidentiary hearing. In addition to arriving at the number of hours, consideration should be given to the type of services rendered in arriving at an hourly rate for awarding purposes.

■ All litigation, even school cases, must eventually end. This litigation, except for the attorneys' fees question, ended with the entry of the consent decree in 1971, n. 4, supra.[5] It should now be finalized with a final decree on the attorneys' fees question. For our part, we direct the award of fees for this appeal in the sum of $2,000 to be apportioned $1,000 each to counsel representing the plaintiff class and to counsel representing Algernon J. Cooper, Esq.

In sum, we have left two matters for decision by the district court on remand. One will be to make an award for the services rendered in the Supreme Court in Davis v. Mobile, 402 U.S. 33, 91 S.Ct. 1289, 28 L.Ed.2d 577, supra. The other is to resolve the question of the omitted one year period July 1, 1968–June 30, 1969 and the fees, if any, due therefor. The award of $38,000 for the 1714.5 hours which included both trial and appellate time is affirmed. The fees set by this court should be awarded by the district court.

Affirmed in part; reversed and remanded in part with direction.

ble hours each for two lawyers during a single twenty-four hour period. On July 2, 1969, two lawyers spent twenty-six hours reviewing a seven line order of this court denying a stay pending application for certiorari to the Supreme Court. On February 24, 1970, there is a claim that three lawyers spent a total of 50.5 hours studying a four and one half page typewritten report from the defendants. There are other such instances. None were explained.

4. In fairness to plaintiffs' counsel, the period selected was in an effort to settle the claim for

attorneys' fees. This court and the district court were aware of these efforts. For example, no claim whatever was made for the valuable services of A. J. Cooper, Esq., in negotiating the consent decree, entered on July 9, 1971, which terminated this litigation for all practicable desegregation purposes.

5. None of the subsequent appeals have involved student or faculty desegregation.