**Edward BROWN et al., Plaintiffs-Appellants,**

v.

**Robert E. L. CULPEPPER, Jr., Superior Court Judge of the South Georgia Judicial Circuit, et al., Defendants-Appellees.**

No. 77–1652

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1977.

Herbert E. Phipps, C. B. King, Albany, Ga., Charles Stephen Ralston, New York City, for plaintiffs-appellants.

Frank S. Twitty, Jr., Camilla, Ga., for defendants-appellees.

ON PETITION FOR REHEARING

(Oct. 26, 1977)

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Defendants assert in their petition for rehearing that under *Johnson v. Georgia Highway Express, Inc.*, 5 Cir., 1974, 488 F.2d 714, we should withdraw that part of our opinion which fixes the amount of attorneys' fees and that we should remand this matter to the district court for it to establish reasonable counsel fees pursuant to the guidelines set by this court.

We are aware that an award of attorney fees normally falls within the sound discretion of the trial judge. See *Johnson v. Georgia Highway Express, Inc.*, *supra*, at 716–17; *Weeks v. Southern Bell Telephone and Telegraph Co.*, 5 Cir., 1972, 467 F.2d 95, 97; *Culpepper v. Reynolds Metals Co.*, 5 Cir., 1971, 442 F.2d 1078, 1081; 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.77[3], at 1716 (2d ed. 1976). However, "appellate courts, as trial courts, are themselves experts as to the reasonableness of attorneys' fees, and may, in the interest of justice, fix the fees of counsel albeit in disagreement on the

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**1178**

evidence with the views of the trial court." *B–M–G Investment Co. v. Continental/Moss Gordin, Inc.,* 5 Cir., 437 F.2d 892, 893, *cert. denied,* 402 U.S. 989, 91 S.Ct. 1668, 29 L.Ed.2d 154 (1971), *citing Mercantile-Commerce Bank & Trust Co. v. Southeast Arkansas Levee District,* 5 Cir., 1939, 106 F.2d 966, 972–73. *Accord, Campbell v. Green,* 5 Cir., 1940, 112 F.2d 143, 144.

The petition for rehearing is DENIED.