The **FIRST NATIONAL BANK OF CHICAGO, a National Banking Association, Plaintiff-Appellee,**

v.

**Edward M. PENDELL, Defendant-Appellant.**

**No. 80–2158.**

United States Court of Appeals, Fifth Circuit. Unit A

July 24, 1981.

Davis & Turlington, Inc., David T. Turlington, J. Walter Park, IV, Law Offices of

contract (as opposed to the certificate) as *not* dedicating the gas.

**420**

Joseph E. Brodigan, Joseph E. Brodigan, San Antonio, Tex., for defendant-appellant.

Howard P. Newton, San Antonio, Tex., for plaintiff-appellee.

Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

The contest before us concerns whether the District Court was correct in holding by summary judgment that plaintiff-appellee, First National Bank of Chicago (FNBC), had a perfected security interest in silage located on property owned individually by Richmond C. Harper, Sr. (Harper), who happened also to be a shareholder, director, and chief executive officer of Maverick Feed Yards, Inc. (Maverick), the corporate debtor. Underlying this law suit were several factual issues, including (i) whether the so-called storage agreement between defendant-appellant Edward M. Pendell (Pendell) and Harper, which reserved title and thus constituted a conditional sales contract requiring recordation,[1] was intended to, or did, bind Maverick; and (ii) whether, if the above "agreement" did not bind Maverick, the 1974 and 1975 sales contracts between Pendell and Maverick continued to apply to the delivery of silage to Harper's premises during 1976.

Under Fed.R.Civ.P. 56(c) (1980), summary judgment shall only be rendered where the record shows that there is no genuine issue of fact and that the moving party is entitled to a judgment as a matter of law. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980); *Irwin v. United States*, 558 F.2d 249, 251 (5th Cir. 1977). The District Court hearing such a motion must construe all pleadings liberally in favor of the party against whom the motion is made. *Dassinger v. South Central Bell Telephone Co.*, 505 F.2d 672, 674 (5th Cir. 1974). Because factual questions remain with regard to (i) the nature of the storage agree-

ment between Pendell and Harper, as well as (ii) the vitality of the sales contract between Pendell and Maverick, we reverse and remand this case for determination of these and other disputed contentions by a trier of fact.

REVERSED and REMANDED.

---

1. Tex.Bus. & Com.Code § 9.114 (Vernon 1980).