In re The GEORGIAN VILLA, INC., a Georgia Non-Profit Corporation, Debtor.

In re ATLANTA WEST GENERAL HOSPITAL, INC., a Georgia Non-Profit Corporation, Debtor.

Bankruptcy Nos. B77–2621A, B77–2622A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 2, 1981.

Herbert C. Broadfoot, II, Joseph J. Burton, Jr., Swift, Currie, McGhee & Hiers, Atlanta, Ga., for receiver.

ORDER AWARDING INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES TO SWIFT, CURRIE, McGHEE & HIERS ATTORNEYS FOR RECEIVER

HUGH ROBINSON, Bankruptcy Judge.

SUMMARY OF PROCEEDINGS

On September 29, 1977, The Georgian Villa, Inc. (hereinafter "Georgian Villa") and Atlanta West General Hospital, Inc. (hereinafter "Atlanta West"), the above-named debtors, filed their petitions for arrangement proceedings under Chapter XI of the Bankruptcy Act. The business of the debtors involved the ownership and operation of Atlanta West General Hospital, a 320 bed, acute care hospital located in Douglas County, Georgia. On October 3, 1977, Morton P. Levine was appointed Receiver for the debtors with full power to operate and manage the Hospital. The Receiver was authorized by Order entered October 4, 1977, to engage and employ the law firm of Swift, Currie, McGhee & Hiers to represent him in the companion arrangement proceedings.

The Receiver conducted the business of the debtors for more than two years. On January 16, 1980, Atlanta West General Hospital was sold by the Receiver to a wholly-owned subsidiary of Hospital Corporation of America for approximately $22,000,000.00. This Court has previously detailed the operation of the Hospital by the Receiver during these proceedings, most recently in its "Judgment and Order Granting Award of Compensation Pursuant to Application of Receiver, Morton P. Levine" dated May 9, 1980. Swift, Currie, McGhee & Hiers (hereinafter "Swift, Currie") has represented the Receiver as general counsel at all times since October 4, 1977, through the present date.

## APPLICATION OF SWIFT, CURRIE FOR INTERIM COMPENSATION

On August 28, 1980, Swift, Currie filed an Application for Allowance of Interim Compensation and Reimbursement of Expenses. This Court assigned the Application for hearing on September 16, 1980, and notice of the hearing was mailed to all creditors. The matter was heard as scheduled, and participants at the hearing included counsel for The City National Bank of Birmingham, Alabama, and counsel for The First National Bank of Dayton, Ohio. No other creditors appeared at the hearing, and no pleadings have been filed by any creditor.

## APPLICABLE LEGAL PRINCIPLES AND DETERMINATION OF COMPENSATION AWARD

Swift, Currie now seeks an allowance of $500,000.00 as reasonable attorney's fees for professional services rendered to the Receiver in these proceedings. The law firm acknowledges that it will be required to render future services to the Receiver until these proceedings are concluded. While it is generally preferable to award compensation at the end of the case, the Court agrees with Swift, Currie that an award of interim compensation is appropriate at this time. Of particular significance in this respect is the necessity to determine and assess administrative expenses against the two funds established from the proceeds of the sale of Atlanta West Hospital.

This Court's procedure for determining awards of attorneys fees has been clearly established. *Matter of First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977). The first step prescribed by *First Colonial* is the ascertainment of the nature and extent of the services supplied by the applying attorneys. Swift, Currie has submitted detailed daily time records accounting for its activities throughout these proceedings. In connection with previous applications for interim compensation, the law firm has provided time records for the period of October 4, 1977 through August 20, 1980. The time records submitted by the firm have been examined and found to be accurate and sufficient. The Court adopts all of the time records by this reference.

The total time spent by the law firm representing the Receiver through August 20, 1980, amounts to 5,121.6 hours. The Court has determined and finds that the time was necessary and well spent, and consisted entirely of the performance of legal services. Detailing the nature of the services rendered would involve repeating large portions of the record of these proceedings. In particular, the Court refers to its Judgment and Order authorizing the sale of Atlanta West Hospital dated December 20, 1979, and its Order awarding compensation to the Receiver dated May 9, 1980.

As its second step in the *First Colonial* process, the Court must assess the value of the legal services rendered. In making this determination, the Court must gauge the quality of the legal work. It should also consider the fees generally charged by the legal profession. For the reasons stated below, it is the finding of this Court that an award of interim compensation in the amount of $500,000.00 to Swift, Currie is reasonable in this case.

The final requirement of *First Colonial* is an explanation of the findings and reasons upon which the award is based, including an indication of how the decision is affected by each of the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

(1) *The time and labor required.* Swift, Currie has filed six applications for compensation in these proceedings, including the pending Application. The time spent rendering legal services from October 4, 1977 until August 20, 1980, amounts to 5,121.6 hours. This constitutes a large investment of time by the law firm. It is entirely possible that a considerable amount of additional time will be required prior to the conclusion of these proceedings. The Court finds that the Memorandum submitted by Swift, Currie in support of its Application adequately and correctly states the time spent by

each of the attorneys involved. Although an important consideration, the time spent is not the sole basis for determining a reasonable fee. In these proceedings, other factors are viewed as more significant by this Court.

(2) *The novelty and difficulty of the questions.* These cases have involved numerous complex legal issues, with little or no precedent to guide the Receiver's counsel. Swift, Currie has demonstrated ingenuity and creativity throughout the proceedings.

(3) *The skill requisite to perform the legal service properly.* This Court has closely observed the work product, preparation and general ability of the attorneys from Swift, Currie. The Receiver's attorneys have consistently demonstrated the competence and ability to represent their client most capably.

(4) *Preclusion of other employment by the attorneys due to acceptance of the case.* The devotion by Swift, Currie of more than 5,100 hours of attorney time to this representation has necessarily precluded the firm from other work. It is the opinion of the Court, however, that Swift, Currie is being adequately compensated for its time. Therefore, this factor is not given significant weight in accordance to this decision.

(5) *The customary fee.* This factor is not of particular utility to the Court. Previous awards of compensation in these proceedings have been made at regular hourly billing rates for the particular attorneys involved. A simple mathematical approach to the award of attorney fees has been explicitly rejected, however. *Miller v. Mackey International, Inc.,* 515 F.2d 241 (5th Cir. 1975).

(6) *Whether the fee is fixed or contingent.* The fee in this case is neither fixed nor contingent, although there may be some comparison of the risks involved in a contingent fee case and a case such as this where the success achieved has a distinct bearing on the fee.

(7) *Time limitations imposed by the client or the circumstances.* The circumstances of these proceedings have often dictated time pressures. The Court finds that the Receiver's counsel have expedited the proceedings within the bounds of orderly administration.

(8) *The amount involved and the results obtained.* This case has involved very large sums of money and inordinate success. The Court finds that this factor should be given great weight in this award of compensation. The creditors stand to benefit greatly as a direct result of the performance of the Receiver and his counsel. Compensation should reflect the result. Just as counsel's performance has been more than workmanlike, so the compensation should exceed what might be thought of as standard.

(9) *The experience, reputation and ability of the attorneys.* The law firm of Swift, Currie, McGhee and Hiers enjoys an excellent reputation before this Court. All of the attorneys involved in these proceedings are specialists in bankruptcy law. As noted above, their abilities have been amply demonstrated throughout the three years of their representation of the Receiver.

(10) *The "undesirability" of the case.* This factor is not relevant.

(11) *The nature and length of the professional relationship with the client.* This factor is not relevant.

(12) *Awards in similar cases.* Perhaps the best comparison to this case in this Bankruptcy Court is found in the Chapter X reorganization of North American Acceptance Corporation. In that proceeding, the Trustee's general counsel and special counsel were each awarded attorneys fees of $637,500.00 for the settlement of litigation which produced in excess of $15,000,000.00 for the estate. Here, as in that case, the Receiver was successful in "creating an asset" by enhancing the value of Atlanta West Hospital. Negotiations for the sale of the Hospital at a favorable price and settlements with various creditors have resulted in a fund of more than $11,000,000.00 which would otherwise not have been available for the creditors of these estates.

The Court has also considered that fact that interim compensation totaling $321,-

924.00 has been paid to Swift, Currie since the commencement of this case. The Court does find that the compensation requested by Swift, Currie in the amount of $500,-000.00 is reasonable and consistent with the principles of economy contained in the Bankruptcy Act and stressed in the *First Colonial* case.

The Court also finds that the expenditures of $1,754.38 by Swift, Currie have been made in behalf of the Receiver in connection with the rendering of legal services, and should be reimbursed.

Consistent with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that interim compensation be, and hereby is, awarded to Swift, Currie, McGhee & Hiers, attorneys for the Receiver, in the total amount of $500,000.00 as reasonable attorneys fees; and it is

FURTHER ORDERED that said compensation shall be paid from funds now held by the Receiver as an administrative expense of these proceedings; and it is

FURTHER ORDERED that the sum of $1,754.38 shall be paid to Swift, Currie, McGhee & Hiers, attorneys for the Receiver, for reimbursable expenses.

SO ORDERED.