774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Osborne (84-1421), Lawrence Montgomery (84-1424),
plaintiffs-Appellants,
v.
Secretary of Health and Human Services, Defendant-Appellee.
 Nos. 84-1421, 84-1424
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 E.D.Mich.
 REVERSED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: ENGEL and MERRITT, Circuit Judges; and GIBBON,* District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 These consolidated appeals challenge reductions by District Judge DeMascio of the Eastern District of Michigan in social security attorney's fee requests under 42 U.S.C. Sec. 406(b)(1). The District Court in each case slashed the number of actual hours billed and awarded fees representing approximately 8 per cent of the claimant's past due benefits. We find that the District Court abused its discretion in making these reductions, because it simply eliminated actual, non-duplicative hours on the sole ground that the issue of whether substantial evidence supported the Secretary's previous denial of benefits was not difficult, and we award fees of $2,500 in each case.
 
 
 2
 The facts in neither case are in serious dispute. In Osborne v. Secretary of HHS, No. 84-1421, the ALJ and the Appeals Council denied benefits, and the District Court awarded benefits. In Montgomery v. Secretary of HHS, No. 84-1424, the ALJ and the Appeals Council denied claimant's request for reinstatement of benefits, and District Judge DeMascio again affirmed and adopted the Magistrate's report recommending reversal and awarding benefits. Osborne received past due social security benefits in excess of $13,000, and, his counsel claims, will in all probability continue to receive benefits for the next 33 years (before his benefits are converted into Retirement benefits) totalling over $132,000. Montgomery has received over $16,000 in benefits and should, according to counsel, receive over $80,000 in the future.
 
 
 3
 Osborne and Montgomery were represented by the law firm of Miller, Cohen, Martens and Sugerman (plaintiffs' counsel). Plaintiffs' counsel requested the statutory maximum of 25% of past due benefits in each case, with an accompanying itemized statement of time expenditures. The Secretary and the claimants did not object to these attorney's fees requests. However, in Osborne, Judge DeMascio reduced the total hours spent by counsel from 48-3/4 to 24 hours, slashing the hours spent in interviewing the client, preparing the client for trial, and writing the brief and memorandum on the summary judgment motion. Judge DeMascio noted that this court has cautioned against routine approval of attorney's fees in Webb v. Richardson, 472 F.2d 529, 537-38 (6th Cir. 1972), and found that the request was not reasonable because 'the legal and factual issues . . . were not complex' and 'the sole issue in dispute was whether the decision of the Secretary was supported by substantial evidence.' A. 11. The request for $4,397.35 in fees was reduced to $1,437.50, which plaintiffs' counsel says represents an hourly fee of $59.89.
 
 
 4
 In Montgomery, plaintiffs' counsel requested fees of $4,641.45. Using a virtual form duplication of the language in Osborne, Judge DeMascio found that the fee request was unreasonable because the only issue in the case was whether the Secretary's decision was supported by substantial evidence, and he reduced the hours charged by cutting the hours spent on the summary judgment motion from 23 to 6. A. 14. Judge DeMascio thus awarded a fee of $1,481.25, again approximately one-third the original request.
 
 II.
 
 5
 The statutory authority and limits on compensation for lawyers representing social security claimants is set out in 42 U.S.C. Sec. 406(b)(1):
 
 
 6
 Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .
 
 
 7
 It is well established that in general, the allowance of attorney's fees 'is within the judicial discretion of the trial judge, who has close and intimate knowledge of the efforts expended and the value of services rendered. And an appellate court is not warranted in overturning the trial court's judgment unless under all of the facts and circumstances it is clearly wrong.' Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978); Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 584 (7th Cir. 1981). However, there is also authority for the proposition that appellate courts are themselves experts in assessing the reasonableness of an attorney's fee award, and that the appellate court may independently review the record, or itself set the fee. Copeland v. Marshall, 641 F.2d 880, 902 (D.C. Cir. 1980) (citing B-M-G Inv. Co. v. Continental/Moss Gordin, Inc., 437 F.2d 892, 893 (5th Cir.), cert. denied, 402 U.S. 989 (1971); Firefighters Institute for Racial Equality v. City of St. Louis, 588 F.2d 235, 242-43 (8th Cir. 1978), cert. denied, 443 U.S. 904 (1979)).
 
 
 8
 In social security cases, the two statutory bases for an award of attorney's fees to the successful claimant's attorney are section 406(b)(1) and the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d). Importantly, while recovery under the EAJA is against the government, attorney's fees under section 406(b)(1) come out of the claimant's award. Hence, there is an inevitable tension in awarding fees under this section between the goals of adequately compensating the claimant and providing a sufficient incentive for plaintiffs' attorneys to undertake the oftentimes long and arduous task of representing an indigent client against one of the world's largest bureaucracies. See Allen v. Heckler, 588 F. Supp. 1247, 1250-51 (W.D. N.Y. 1984).
 
 
 9
 In Webb v. Richardson, 472 F.2d 529, 538 (6th Cir. 1972), this court adopted the view set forth in McKittrick v. Gardner, 378 F.2d 872, 874-75 (4th Cir. 1967), that since the rate of accrual of social security benefits varies without any relationship to the merit of the claim, the controlling criterion of reasonableness in Section 406(b)(1) social security fee cases remains the quantity and quality of the lawyer's services. However, while the general lack of correlation between the size of a social security award and the lawyer's skill and quality cautions against routinely allowing the statutory maximum contingency fee of 25 per cent, the fee requests in the instant cases were based on actual hours spent on the case, except for telephone calls, which were approximated to the quarter-hour. District Courts may in general cut hours for duplication, padding and the like, see Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 636-37 (6th Cir. 1979) (setting forth standard for the determination of reasonable fees in 42 U.S.C. Sec. 1988 civil rights attorney's fee cases), but here, the District Court slashed hours legitimately spent on the case simply because of its general view that social security cases in which the only issue is whether substantial evidence supported the Secretary's denial are not difficult and warrant no more than approximately 24 hours of total time.
 
 
 10
 We find that the roughly 8 per cent contingency fees resulting from the District Court's reduction in hours are too low in light of the potential future benefits which plaintiffs' counsel's efforts have secured for the claimants, the uncontested actual hours spent on these cases, and Congressional intent to provide an adequate incentive for the representation of social security claimants.
 
 
 11
 Accordingly, the fee awards of the District Court are reversed, and plaintiffs' counsel are awarded $2,500 in each case.
 
 
 
 *
 The Honorable Julia S. Gibbons, Judge of the United States District Court for the Western District of Tennessee, sitting by designation